**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER PLATH, individually and on behalf of all others similarly situated, | ) ) ) | FILED: MAY 12, 2009<br>09CV2898 |
| Plaintiff, | ) ) | JUDGE DER-YEGHIAYAN<br>Case No. MAGISTRATE JUDGE ASHMAN |
| v. | ) ) ) | CH |
| STAPLES, INC. | ) ) | JURY DEMANDED |
| Defendant. | ) ) | |

**CLASS ACTION COMPLAINT**

Christopher Plath ("Plaintiff") states as follows for his Class Action Complaint against Staples, Inc. ("Defendant").

1.      Plaintiff brings this class action, pursuant to Fed. R. Civ. P. 23, on behalf of himself and a class of other similarly situated current and former assistant managers employed within the State of Illinois by the Defendant for violations of the Illinois Minimum Wage Law ("Illinois Wage Law"), 820 ILCS 105/1, *et seq.* Plaintiff challenges Defendant's policy of misclassifying assistant managers as exempt from the overtime provisions of Illinois law and Defendant's subsequent denial of wages for all hours worked by them, as well as its denial of overtime pay that Plaintiff and the class members have earned and to which they are entitled.

**The Parties**

2.      Plaintiff is an Illinois citizen and resides in this district.

3.      Defendant is a Delaware corporation with a principal place of business at 500 Staples Drive, Framingham, Massachusetts.

4.      Upon information and belief, Defendant operates retail stores throughout the United States, including many such stores in the State of Illinois. According to the Defendant's

own website, it is the world's largest office products company and operates more than 1,500 stores in the United States and in twenty-seven countries, generating $27 billion in sales, and employing approximately 70,000 workers.

5.      Defendant was and is doing business in Illinois and in this district.

## Jurisdiction and Venue

6.      This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act ("CAFA").  The parties are diverse and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

7.      At least one member of the proposed class is a citizen of a state different from that of Defendant.

8.      Plaintiff's claims involve matters of national or interstate interest.

9.      Defendant is subject to personal jurisdiction in Illinois.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims occurred in this district.

11.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## Facts Related To Christopher Plath

12.     Plaintiff Plath was employed in Illinois by Defendant from in or about October 2006 until in or about September 2008 as an assistant manager.

13.     At all relevant times, Plaintiff worked in excess of forty (40) hours per workweek, without receiving overtime compensation as required by state law.

## Class Allegations

14.     Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

15.     Plaintiff brings his Illinois Wage Law claims on behalf of all persons who were employed by Defendant at any time since May 12, 2006, in the State of Illinois, to the entry of judgment in this case (the "Class Period"), who were classified by Defendant as assistant managers and/or other comparable positions with different titles, who were non-exempt employees within the meaning of the Illinois Wage Law and who have not been paid for all hours worked by them as well as overtime wages in violation of the Illinois Wage Law (the "Class").

16.     The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are at least 100 members of the Class.

17.     Plaintiff's claims are typical of the claims of the Class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a defendant.

18.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a.     whether the Defendant employed the members of the Class within the meaning of the Illinois Wage Law;

b.    what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

c.    whether Defendant failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty hours per workweek within the meaning of the Illinois Wage Law;

d.    whether Defendant misclassified the members of the Class as exempt under the relevant provisions of the Illinois Wage Law;

e.    whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

f.    whether the Defendant should be enjoined from such violations of the Illinois Wage Law in the future.

19.    The claims of Plaintiff are typical of the claims of the Class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a defendant.

20.    Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

21.    Plaintiff is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

22.    Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff's claims are typical of the Class.

4

## Factual Allegations Relevant to Plaintiff and the Class

23.     At all relevant times, Plaintiff was employed by Defendant as an assistant manager and/or other comparable positions with different titles.

24.     Plaintiff's work was performed for the benefit of the Defendant, in the normal course of the Defendant's business and was integrated into the business of the Defendant.

25.     The work performed by Plaintiff required little skill and no capital investment; his duties did not include managerial responsibilities or the exercise of independent judgment. Rather, they involved many insignificant duties and duties identical to most non-exempt, hourly associates, non-exempt hourly cashiers and non-exempt hourly stock clerks.

26.     Upon information and belief, in an attempt to avoid paying some of its workers their earned wages, Defendant has titled some of its employees "Assistant Managers" and/or other comparable titles, such as "Sales Managers,, "Operations Managers," and/or "Copy Center Managers" to create the impression that these employees are executives, exempt from overtime pay requirements under the Illinois Wage Law. But these purported exempt "Assistant Managers," including Plaintiff, have performed few or no managerial duties.

27.     Plaintiff often worked in excess of 40 hours a week, yet the Defendant willfully failed to pay Plaintiff for all hours worked by him, as well as failed to pay overtime compensation of one and one-half times his regular hourly rates in violation of the Illinois Wage Law.

28.     It is Defendant's uniform policy and procedure not to pay overtime compensation to Plaintiff and other similarly situated employees.

29.     Upon information and belief, both prior to and during the Class Action Period, and continuing until today, Defendant has also employed other individuals (the Class), like

Plaintiff, in "Assistant Manager" positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment.

30.     Such individuals have worked in excess of 40 hours a week, yet Defendant has likewise willfully failed to pay them for all hours worked by them as well as overtime compensation of one and one-half times their regular hourly rate in violation of Illinois Wage Law.  As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of Defendant and can be ascertained through appropriate discovery.

31.     Upon information and belief, throughout all relevant time periods, including during the course of Plaintiff's own employment, while Defendant employed the Plaintiff and the members of the Class, the Defendant failed to maintain accurate and sufficient time records.

32.     Upon information and belief, throughout all relevant time periods, including during the course of Plaintiff's own employment, while Defendant employed Plaintiff and the members of the Class, the Defendant failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by Illinois.

## COUNT I
## WAGES IN VIOLATION OF ILLINOIS MINIMUM WAGE LAW
### 820 ILCS 105/4a

33.     Plaintiff, on behalf of himself and the members of the Class, realleges and incorporates by reference paragraphs 1 through 32 as if they were set forth again herein.

34.     At all relevant times, Plaintiff and the members of the Class were employed by Defendant within the meaning of the Illinois Minimum Wage Law, 820 ILCS 105/3(d).

35.     Section 4a(1) of the Illinois Minimum Wage Law, 820 ILCS 105/4a(1), provides as follows:

> Except as otherwise provided in this Section, no employer shall
> employ any of his employees for a workweek of more than 40
> hours unless such employee receives compensation for his
> employment in excess of the hours specified at a rate not less than
> 1 ½ times the regular rate at which he employed…

36.     Section 12 of the Illinois Minimum Wage Law, 820 ILCS 105/12(a), provides, in

part, as follows:

> If any employee is paid by his employer less than the wage to
> which he is entitled under the provisions of this Act, the employee
> may recover in a civil action the amount of any such underpayment
> together with costs and such reasonable attorney's fees as may be
> allowed by the Court, and damages of 2% of the amount of any
> such underpayments for each month following the date of payment
> during which such underpayments remain unpaid…

37.     Illinois Minimum Wage Law, 820 ILCS 105/3(b), defines wages as

"compensation due to an employee by reason of his employment…." All such wages are subject

to Illinois' overtime requirements, including those set forth above.

38.     Defendant's Illinois Wage Law violations have caused Plaintiff and the Class

irreparable harm for which there is no adequate remedy at law.

39.     Defendant's across-the-board policy of classifying Plaintiff and other similarly

situated benefits analysts as exempt from the overtime pay requirements of Illinois law has been

unlawful.  At no relevant time have Plaintiff and the Class been primarily engaged in exempt

duties.  No provision of law has exempted Plaintiff and other class members from the right to

overtime pay.

40.     Members of the Class have worked overtime hours for Defendant without being

paid overtime premiums in violation of the Illinois Minimum Wage Law and other applicable

law.

41.     Defendant has not fulfilled its obligations to compensate the Class for all wages

earned and all hours worked, including premium wages for overtime work.  As a result of the

aforementioned violations, Defendant has damaged the Class in amounts to be determined according to proof at time of trial.

42.     Defendant is liable to Plaintiff and the Class for the unpaid overtime with interest thereon.  Defendant is also liable to Plaintiff and the class for damages of 2% of the unpaid wages for each month following the date of underpayment.  Furthermore, Plaintiff is entitled to an award of reasonable attorneys' fees and costs as set forth below.

WHEREFORE, Plaintiff, individually and on behalf of the putative Class, requests that this Court enter judgment in his favor and against Staples, Inc. and award the following:

a.      Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b.      A declaratory judgment that the practices complained of herein are unlawful under the Illinois Wage Law;

c.      An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d.      An award of unpaid wages for all hours worked as well as overtime compensation due under the Illinois Wage Law;

e.      For an equitable accounting to identify, locate and restore to all current and former employees the wages they are due, with interest thereon;

f.      An award of prejudgment and post-judgment interest;

g.    For an award of reasonable attorneys' fees and unreimbursed costs as provided by Illinois Minimum Wage Law, 820 ILCS 105/12(a); and/or other applicable law; and

h.    Such other and further relief as this Court deems just and proper.

**Plaintiff Demands A Trial By Jury**

CHRISTOPHER PLATH, Plaintiff,

By:    /s/ Lance A. Raphael
        Lance A. Raphael, One of his Attorneys

Dated: May 12, 2009

Lance A. Raphael
Stacy M. Bardo
Allison Krumhorn
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, IL 60602
(312) 782-5808

Michael A. Galpern*
Andrew P. Bell*
Janet Walsh*
LOCKS LAW FIRM
457 Haddonfield Avenue
Cherry Hill, NJ 08002
Tel: (856) 663-8200
Fax: (856) 661-8400

Seth R. Lesser*
Jeffrey A. Klafter*
Fran L. Rudich*
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Tel: (914) 934-9200
Fax: (914) 934-9220

9

MASON LAW FIRM LLP
Gary E. Mason*
Nicholas A. Migliaccio*
1225 19th Street, N.W.
Suite 500
Washington, DC 20036
Tel: (202) 429-2290
Fax: (202) 429-2294

ATTORNEYS FOR PLAINTIFF
* To be admitted Pro Hac Vice